# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANASSEH A. PHILIP,<br><br>    Petitioner,<br><br>  v.<br><br>RANDY L. TEWS, Warden,<br><br>    Respondent. | Case No. CV 16-01987 CJC (AFM)<br><br>**ORDER SUMMARILY DISMISSING HABEAS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION** |

On March 23, 2016, petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241). Petitioner recently served a 60-month federal prison term pursuant to a conviction for illegal reentry after removal from the United States. He is now in custody at the Adelanto Detention Center in Adelanto, California, pending his deportation from the United States. In this action, petitioner seeks a "stay of deportation."[1]

The Real ID Act, Pub. L. No. 109-13, 119 Stat. 231, 310-311 (May 11, 2005), eliminated district courts' habeas corpus jurisdiction, including jurisdiction

---

[1] Petitioner recently has filed three other habeas petitions. The Petition in CV 16-1262 CJC (AFM) is still pending. The Petition in CV 16-1987 CJC (AFM) was transferred in the interests of justice to the United States District Court for the North District of Texas. The Petition in CV 16-2613 CJC (AFM) was summarily dismissed for lack of subject matter jurisdiction.

under 28 U.S.C. § 2241, over final orders of removal and vested jurisdiction over such orders exclusively in the circuit courts of appeals. *See, e.g., Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2006) ("[T]he Act makes the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal. To accomplish this streamlined judicial review, the Act eliminated habeas jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of deportation, exclusion, or removal." (citation omitted)); *see also Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006) ("The REAL ID Act . . . eliminated district court habeas corpus jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals.") Under the foregoing authorities, the Court must dismiss the Petition without prejudice for lack of habeas jurisdiction.

The only remaining question is whether this action should be transferred to the circuit court of appeals under 28 U.S.C. § 1631. "Because the statute's language is mandatory, federal courts should consider transfer without motion by the parties." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001). "Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Id.*

The Court initially determined that the first condition had been met, but could not determine whether the remaining conditions had been met. Accordingly, the Court ordered respondent to file a response as to whether this action should be transferred to the Ninth Circuit Court of Appeals under 28 U.S.C. § 1631.

On April 26, 2016, respondent filed a response stating that this action should not be transferred because the Ninth Circuit (or any other circuit court of appeals) could not have exercised jurisdiction at the time this action was filed. (Response at 1.) The response included a copy of decision and order issued by an immigration

judge on January 31, 1992.  (Response, Exhibit A.)  The immigration judge ordered petitioner, a native of Sri Lanka, deported from the United States because he had been convicted of two crimes of moral turpitude:  He was convicted in 1988 in a Texas state court of first-degree aggravated sexual assault of a child under 14 years and second-degree indecency with a child younger than 17 years.  (*Id.*)  Petitioner did not appeal the immigration judge's decision.  (Response at 2.)

Respondent contends that the circuit court of appeals could not have exercised jurisdiction at the time this action was filed for two independent reasons.  First, petitioner failed to exhaust his available administrative remedies as to the immigration judge's 1992 decision.  Second, a petition for review in the circuit court would be untimely.  (Respondent also points out that the Ninth Circuit would be the wrong venue for petitioner's request for stay of deportation because the immigration judge's decision was issued within the territorial limits of the Fifth Circuit Court of Appeals.)  The Court agrees that both reasons render it inappropriate to transfer this action.

An alien must exhaust administrative remedies before seeking review of an order of removal.  *See* 8 U.S.C. § 1252(d)(1) (A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right).  Petitioner's failure to exhaust his administrative remedies with respect to the immigration judge's 1992 deportation order to the Board of Immigration Appeals means that the circuit court of appeals could not have exercised jurisdiction at the time this action was filed. *See Chung Young Chew v. Boyd*, 309 F.2d 857, 860-61 (9th Cir. 1962) ("Failure to take an available appeal to the Board [of Immigration Appeals] from an order of deportation constitutes a failure to exhaust administrative remedies, thereby depriving a court of appeals of jurisdiction to review any aspect of such order."); *see also Hernandez v. Immigration and Naturalization Service*, 539 F.2d 384, 386 (5th Cir. 1976) (per curiam) (petitioner's failure to exhaust administrative remedies with respect to

3

immigration judge's decision resulted in lack of jurisdiction in the circuit court of appeals).

Even assuming that administrative exhaustion were not required, the circuit court of appeals still could not have exercised jurisdiction at the time this action was filed because it is extremely untimely. A petition for review of a final order of removal must be filed not later than 30 days after the date of the final order of removal. *See* 8 U.S.C. § 1252(b)(1). The 30-day time limit is mandatory and jurisdictional, and it cannot be waived. *See Stone v. INS*, 514 U.S. 386, 405 (1995) (time limit for seeking judicial review of a final deportation order is mandatory and jurisdictional, and it is not subject to equitable tolling); *see also Magtanong v. Gonzales*, 494 F.3d 1190, 1191 (9th Cir. 2007) (per curiam) (30-day deadline to file petition for review of final order of removal is mandatory and jurisdictional, and it cannot be forfeited or waived); *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003) (same). Here, the immigration judge's decision was issued on January 31, 1992, and petitioner did not file an appeal with the Board of Immigration Appeals. Thus, the immigration judge's decision became final on March 2, 1992, which was the next business day after 30 days. *See* 8 U.S.C. § 1101(a)(47)(B) (order of deportation becomes final upon an affirmance by the Board of Immigration Appeals or the expiration of the period in which the alien is permitted to seek review by the Board, whichever is earlier); 8 C.F.R. § 1003.38(b) (alien has 30 calendar days to appeal immigration judge's decision to the Board of Immigration Appeals). This Petition was not filed until March 23, 2016, more than 24 years later.

In sum, transfer of this action under 28 U.S.C. § 1631 is unwarranted.

///
///
///
///

**ORDER**

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice for lack of subject matter jurisdiction, pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 29, 2016

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented By:

Alexander F. MacKinnon
United States Magistrate Judge

---

[2] Rule 1(b) provides that the district court may apply Rule 4 to "a habeas corpus petition not covered by" 28 U.S.C. § 2254, such as a habeas petition governed by 28 U.S.C. § 2241.